IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
: 
LANITA TAYLOR : CASE NO. 1:11-CV-01838
                            Plaintiff, :
:
       -vs- : MEMORANDUM OF OPINION AND
: ORDER
:
CLEVELAND HEALTHCARE GROUP, :
INC. dba WALTON MANOR HEALTH :
CARE CENTER, *et al.*, :
                            Defendants.
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      Plaintiff Lanita Taylor filed suit alleging retaliatory discharge in the Cuyahoga County Common Pleas Court on 4 August 2011, against Defendants Cleveland Healthcare Group, Inc. and Alla Ioffe. Defendants removed the case to this Court on 31 August 2011. (Docket #1). On 14 September 2011, Plaintiff filed a Motion for Default Judgment, citing Defendants' failure to file an answer. (Docket #4). On the same day, Defendants' responded to that Motion and filed a Motion for Leave to File Answer *Instanter*. (Docket #5, 6). Plaintiff replied on 17 September 2011. (Docket #7). For the reasons discussed below, this Court will deny Plaintiff's Motion for Default Judgment and grant Defendants' Motion for Leave to File Answer *Instanter.*

**LAW AND ANALYSIS**

Even assuming Defendants were properly served with the Complaint and were therefore required to file an answer by 7 September 2011, this Court finds Defendants' failure to timely respond a result of "excusable neglect."

Pursuant to Fed.R.Civ.P. 6(b)(1)(B), a Defendant may file an untimely answer if it can demonstrate "excusable neglect." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993). In Pioneer, the United States Supreme Court recognized that courts must employ an equitable approach in determining whether neglect is excusable, "taking into account all relevant circumstances surrounding the party's omission." Id. at p. 395. These include the danger of prejudice; the length of the delay and its potential impact on judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and, whether the movant acted in good faith. Id.

In the present case, Defendants' delay in filing their Answer to Plaintiff's Complaint constitutes excusable neglect. There has been no allegation of prejudice to Plaintiff or an impact on proceedings in this case as a result of the delay. Defendants' Motion for Leave to File Answer *Instanter* was filed only a week after the 7 September 2011 deadline. Further, there is no indication that Defendants were acting in bad faith, and the Defendants have appeared in the litigation by removing this case to federal court. Viewing the facts equitably, and taking into account all relevant circumstances, the delay in filing is excusable.

## CONCLUSION

Because Defendants' failure to timely respond is a result of "excusable neglect," Plaintiff's Motion for Default Judgment is denied.  Further, Defendants' Motion for Leave to File Answer *Instanter* is granted.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE
